IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MICKALE BROOKS** | § | |
| | § | |
| **V.** | § | A-23-CV-898-RP |
| | § | |
| **BOBBY LUMPKIN** | § | |

## ORDER

Before the Court is Petitioner Mickale Brooks's Petition for Habeas Corpus Relief pursuant to 28 U.S.C. § 2254. (ECF No. 1). Petitioner paid the full fee for her petition. After consideration of Petitioner's petition, it is denied.

### Background

Petitioner is currently incarcerated at TDCJ's Hobby Unit as a result of a conviction from Harris County for murder. On January 30, 2019, Petitioner was sentenced to 19 years' imprisonment. Petitioner does not challenge her holding conviction. Rather, she challenges prison disciplinary case number 20230116958.

According to Petitioner, she was found guilty of fighting. As a result of this proceeding, Petitioner claims she lost 30 days of good-time credit, lost commissary, recreational and phone privileges for 45 days and was classified as G5 status for six months. Petitioner states she filed a Step 1 grievance but received no response.

Petitioner claims the offender, who she presumably fought, has a history of trying to move cells and causing disturbances. She also alleges Sgt. Hayes, the officer who charged her with the disciplinary violation, dislikes Petitioner. Petitioner complains inmates, who witnessed Sgt. Hayes call Petitioner a "b____" prior to writing the disciplinary charge were not taken into consideration. Petitioner claims the mark on her finger was caused from packing and transporting property for

lockdown search and presumably not from fighting. According to Petitioner, a nurse testified that the mark could have come from the lockdown search. Petitioner asserts Captain Hobbs did not give her a fair hearing. For the reasons discussed below, Petitioner is not entitled to federal habeas relief because her petition does not implicate a protected liberty interest.

## Analysis

Challenges to disciplinary proceedings generally do not raise a cognizable constitutional violation unless the petitioner has lost good-time credits and is eligible for mandatory supervision. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Although Petitioner lost good-time credits, she is not eligible for release on mandatory supervision under Texas law as a result of her underlying conviction for murder. *See* TEX. GOV'T CODE § 508.149(a)(2) (stating prisoners convicted of murder under Texas Penal Code Section 19.02 are not eligible for mandatory supervision). Because Petitioner is not eligible for mandatory supervision, her petition does not implicate a protected liberty interest. *See Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002).

Similarly, Petitioner's temporary loss of privileges and the reductions in her custody level do not implicate a protected liberty interest. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) ("Inmates have no protectable property or liberty interest in custodial classifications"); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding that commissary and cell restrictions as punishment are merely changes in the conditions of a prisoner's confinement and do not implicate due process concerns). Because Petitioner has not lost a protected liberty interest, there is no predicate for a habeas corpus or civil rights due process claim. *See Sandin v. Conner*, 515 U.S. 472, 483-87 (1995) (prisoner's allegations that he was placed in administrative segregation for thirty days

for alleged violation of prison regulations did not amount to "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" and did not affect duration of his sentence and thus did not amount to the deprivation of a protected liberty interest as a basis for a due process claim).

## Conclusion

Rule 4 Governing Habeas Corpus Proceedings states a habeas corpus petition may be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Based on the foregoing reasons, Petitioner's federal habeas corpus petition does not warrant relief.

It is therefore **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITH PREJUDICE**. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, this Court **DENIES** Petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings. This case is **CLOSED**.

**SIGNED** on August 29, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE